ORIGINAL

WILLIAM E. KOVACIC
General Counsel

LAUREEN KAPIN
LAURA KOSS
YAEL WEINMAN
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3237 (voice)
(202) 326-2558 (fax)

JAMES T. ROHRER
GA Bar No. 613524
Federal Trade Commission
225 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303
(404) 656-1361 (voice)
(404) 656-1379 (fax)

ATTORNEYS FOR PLAINTIFF



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 0 9 2004

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

FILED IN CLERK'S OFFICE

MAR 1 7 2004

LUTHER D. _____
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(Atlanta Division)

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | Hon. **1:04-CV-0670** ~~ODE~~ |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | STIPULATED FINAL JUDGMENT |
| ADVANCED PATCH TECHNOLOGIES, | ) | AND ORDER FOR PERMANENT |
| INC., SALOMON BTESH, BUCKHEAD | ) | INJUNCTION AND MONETARY |
| MARKETING AND DISTRIBUTION, | ) | SETTLEMENT AS TO DEFENDANTS |
| LLC, PAP SYSTEMS, LLC, RALF | ) | ADVANCED PATCH TECHNOLOGIES, |
| LESZINSKI, NANCY DUITCH, and | ) | INC., SALOMON BTESH, JESSE |
| JESSE STARKMAN, | ) | STARKMAN, AND RELIEF DEFENDANT |
| | ) | BERNARD SILVERFARB |
| Defendants, and | ) | |
| | ) | |
| BERNARD SILVERFARB, and | ) | |
| BUCKHEAD MARKETING GROUP, LLC, | ) | |
| | ) | |
| Relief Defendants. | ) | |



WHEREAS, Plaintiff, the Federal Trade Commission ("FTC" or "Commission") has filed its complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), against Defendants Advanced Patch Technologies, Inc., Salomon Btesh, Buckhead Marketing and Distribution, L.L.C., PAP Systems, L.L.C., Ralf Leszinski, Nancy Duitch, and Jesse Starkman, and against Relief Defendants Bernard Silverfarb and Buckhead Marketing Group, LLC;

WHEREAS, the Complaint alleges that the Defendants violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Section 12 of the FTC Act, 15 U.S.C. § 52;

WHEREAS, the Commission's agreement to this Stipulated Final Judgment and Order for Permanent Injunction and Monetary Settlement as to Defendants Advanced Patch Technologies, Inc., Salomon Btesh, Jesse Starkman, and Relief Defendant Bernard Silverfarb ("Order") is expressly premised upon the agreement of Defendants Advanced Patch Technologies, Inc., ("APT"), Salomon Btesh ("Btesh"), and Jesse Starkman ("Starkman") (collectively, the "Settling Defendants") and Relief Defendant Bernard Silverfarb ("Relief Defendant Silverfarb") to cooperate with the FTC and its attorneys by voluntarily providing truthful testimony, documents and information related to this action or

2



any concurrent or subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the Complaint;

WHEREAS, the Commission's agreement to this Order also is expressly premised upon the Settling Defendants' and Relief Defendant Silverfarb's agreement not to seek, nor to accept, from any party, including but not limited to, the other Defendants in this action, any compensation, including but not limited to, money, services, debt reduction or loan forgiveness, for the purpose of indemnifying, reimbursing or contribution to the Settling Defendants or Relief Defendant Silverfarb for the money paid to the Commission pursuant to Part VI(A) of this Order, or for any liabilities, losses, costs, expenses or attorneys' fees incurred in connection with this action or the underlying FTC investigation; and

WHEREAS, the Commission, the Settling Defendants and Relief Defendant Bernard Silverfarb have agreed to the entry of this Order by this Court to resolve all matters of dispute between the FTC and: (1) the Settling Defendants, and (2) Relief Defendant Silverfarb, with respect to the conduct alleged in the Complaint;

**NOW, THEREFORE**, Plaintiff FTC, the Settling Defendants and Relief Defendant Silverfarb having requested the Court to enter this Order,

3



**IT IS HEREBY ORDERED ADJUDGED, AND DECREED as follows:**

## FINDINGS

1.    The Commission has the authority under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to seek the relief it has requested.

2.    This Court has jurisdiction over the subject matter of this action and has jurisdiction over the Settling Defendants and Relief Defendant Silverfarb.

3.    Venue in the Northern District of Georgia, Atlanta Division, is proper.

4.    The Complaint states a claim upon which relief may be granted against the Settling Defendants and Relief Defendant Silverfarb.

5.    By entering into this Stipulation, the Settling Defendants and Relief Defendant Silverfarb do not admit to the allegations of the Complaint, other than the jurisdictional facts.

6.    This Order does not constitute, nor shall it be interpreted to constitute, either an admission by the Settling Defendants and Relief Defendant Silverfarb of any wrongdoing or a finding by the Court that the Settling Defendants and Relief Defendant Silverfarb have engaged in any violations of law.

7.    The activities of the Settling Defendants, as alleged

4



in the Complaint, are or were in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

8.   The Settling Defendants and Relief Defendant Silverfarb have waived all rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

9.   The Settling Defendants and Relief Defendant Silverfarb have waived service of a summons and have waived all rights to seek judicial review of, or otherwise challenge or contest the validity of, this Order.

10.   Each party to this Order shall bear its own costs and attorneys' fees incurred in connection with this action.

11.   Entry of this Order is in the public interest.

### DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.   "Commerce" means as defined in Section 4 of the Federal Trade Commission Act, 15 U.S.C. § 44.

2.   "Competent and reliable scientific evidence" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the

5



profession to yield accurate and reliable results.

3.    "Covered product or service" means any product,
service, or program that purportedly provides health benefits,
including weight loss, inch loss, fat loss, or exercise or
fitness benefits.

4.    "Endorsement" means as defined in 16 C.F.R. § 255.0(b).

5.    "Food," "drug," "device," and "cosmetic," mean as
defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

6.    "Pound A Patch" means the Pound A Patch transdermal
patch and any substantially similar product containing fucus
vesiculosus and/or garcinia cambogia.

7.    "Transdermal product" means any product applied to the
skin to deliver the product's ingredients into the body.

8.    The term "including" in this Order means "including,
without limitation."

**CONDUCT PROHIBITIONS**

**PROHIBITED FALSE REPRESENTATIONS**

**I.**

**IT IS ORDERED** that Defendants APT and Btesh, their
successors and assigns, and their officers, agents, servants,
employees, and all persons and entities in active concert or
participation with them who receive actual notice of this Order
by personal service or otherwise, whether acting directly or

6



through any corporation, subsidiary, division, trade name, or other entity, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Pound A Patch, or any other transdermal product, are hereby permanently enjoined from making any representation, expressly or by implication, including through the use of endorsements, that such product will cause substantial weight loss.

## II.

**IT IS FURTHER ORDERED** that Defendants APT and Btesh, their successors and assigns, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, trade name, or other entity, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Pound A Patch, or any other product, are hereby permanently enjoined from making any representation, expressly or by implication, including through the use of endorsements, that such product causes substantial weight loss in all users.

7



## PROHIBITED UNSUBSTANTIATED REPRESENTATIONS

### III.

**IT IS FURTHER ORDERED** that the Settling Defendants, their successors and assigns, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, trade name, or other entity, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of Pound A Patch, or any other covered product or service, in or affecting commerce, are hereby permanently enjoined from making any representation, expressly or by implication, including through the use of endorsements:

A.   That any such product or service causes weight loss;

B.   That any such product or service causes fat loss;

C.   That any such product or service delivers its active ingredients into the bloodstream more quickly and efficiently than other products;

D.   That any such product or service causes users to burn calories;

E.   That any such product or service boosts metabolism;

F.   That any such product or service suppresses appetite;



G.    That any such product or service reduces fat cell
      production;

H.    About the efficacy, safety, side effects, or the health
      performance or benefits, including weight loss, inch
      loss, fat loss, or exercise or fitness benefits, of
      such product or service; or

I.    That any such product or service makes a material
      contribution to any system, program, or plan that
      produces any of the results referenced in subparts A-G
      above,

unless, at the time the representation is made, they possess and
rely upon competent and reliable scientific evidence that
substantiates the representation.

*Provided*, that for any representation made by Defendant
Starkman as an expert endorser, he must possess and rely upon
competent and reliable scientific evidence, and an actual
exercise of his represented expertise, in the form of an
examination or testing of the product or service that is at least
as extensive as an expert in that field would normally conduct in
order to support the conclusions presented in the representation.

## PROHIBITED REPRESENTATIONS ABOUT TESTS, STUDIES, AND RESEARCH

### IV.

**IT IS FURTHER ORDERED** that the Settling Defendants, their



successors and assigns, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, trade name, or other entity, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product or service, in or affecting commerce, are hereby permanently enjoined from making any misrepresentations, expressly or by implication, including through the use of endorsements, about the existence, contents, validity, results, conclusions, or interpretations of any test, study, or research.

### FOOD AND DRUG REGULATIONS

### V.

**IT IS FURTHER ORDERED** that:

A.    Nothing in this Order shall prohibit the Settling Defendants from making any representation for any drug that is permitted in the labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; and



B.    Nothing in this Order shall prohibit the Settling
      Defendants from making any representation for any
      product that is specifically permitted in labeling for
      such product by regulations promulgated by the Food and
      Drug Administration pursuant to the Nutrition Labeling
      and Education Act of 1990.

### MONETARY RELIEF

### VI.

**IT IS FURTHER ORDERED** that judgment is hereby entered
against the Settling Defendants and Relief Defendant Silverfarb
as follows:

A.    Within five (5) days of the date of entry of this
      Order, the Settling Defendants and Relief Defendant
      Silverfarb, jointly and severally, shall pay the sum of
      $175,000 (the "Settlement Amount") to the Commission by
      wire transfer or certified cashier's check made payable
      to the Federal Trade Commission.

B.    All funds paid pursuant to this Order shall be
      deposited into a fund administered by the Commission or
      its agent to be used for equitable relief, including
      but not limited to consumer redress and any attendant
      expenses for the administration of such equitable
      relief.  In the event that direct redress to consumers

11



is wholly or partially impracticable or funds remain
after redress is completed, the Commission may apply
any remaining funds for such other equitable relief
(including consumer information remedies) as it
determines to be reasonably related to the Defendants'
practices alleged in the Complaint. Any funds not used
for such equitable relief shall be deposited to the
United States Treasury as disgorgement. The Settling
Defendants and Relief Defendant Silverfarb shall have
no right to challenge the Commission's choice of
remedies under this Part. The Settling Defendants and
Relief Defendant Silverfarb shall have no right to
contest the manner of distribution chosen by the
Commission.

C.  The judgment entered pursuant to this Part VI is
equitable monetary relief and not a fine, penalty,
punitive assessment or forfeiture.

## COOPERATION, WAIVER OF INDEMNIFICATION, AND RIGHT TO REOPEN

## VII.

**IT IS FURTHER ORDERED** that:

A.  The Settling Defendants and Relief Defendant
Silverfarb, in connection with this action or any
concurrent or subsequent civil investigations related

12



to or associated with the transactions or the
occurrences that are the subject of the Complaint, must
cooperate in good faith with the Commission, and upon
request from the Commission, make available, in a
reasonably expeditious manner, for the Commission's
inspection and copying, to the extent not already
provided, all documents, materials, and information
within their possession, custody, or control relevant
to the subject matter of the Complaint or related
claims and contentions, and appear at such places and
times as the Commission reasonably requests, after
written notice, and upon payment of reasonable travel
fees, for interviews, conferences, pretrial discovery,
review of documents, and for such other matters as may
be reasonably requested by the Commission.  If
requested by the Commission, and upon payment of
reasonable travel fees, the Settling Defendants and
Relief Defendant Silverfarb must appear and provide
truthful testimony in any civil trial, deposition or
other proceeding related to or associated with the
transactions or the occurrences that are the subject of
the Complaint, without the necessity of a civil
investigative demand, subpoena or other court order.

13



**Provided** that nothing in this Part VII constitutes or
will be deemed to constitute a waiver by the Settling
Defendants or Relief Defendant Silverfarb of their
constitutional rights under the Fifth Amendment.  If
the Commission determines that the Settling Defendants
or Relief Defendant Silverfarb have not complied with
the requirements of this Part VII (A), the Commission
may move the Court to reopen and request modification
of this Order, including, but not limited to,
additional injunctive relief, rescission of contracts
and restitution, and disgorgement of ill-gotten gains.
If, however, the Settling Defendants or Relief
Defendant Silverfarb exercise their constitutional
rights under the Fifth Amendment and thereby refuse to
provide truthful testimony as provided herein, the
Court, upon motion by the Commission, will reopen this
matter to allow the Commission to request modification
of the Order, including, but not limited to, additional
injunctive relief, rescission of contracts and
restitution, and disgorgement of ill-gotten gains.
Proceedings to reopen instituted under this Part would
be in addition to, and not in lieu of, any other civil
or criminal remedies as may be provided by law,

14



including any other proceedings that the Commission may
initiate to enforce this Order. Nothing in this Part
precludes the Settling Defendants or Relief Defendant
Silverfarb from cooperating in other investigations or
litigation.

B.   The Settling Defendants·and Relief Defendant Silverfarb
shall not seek, nor accept, from any party, including
but not limited to, the other Defendants in this
action, any compensation, including but not limited to,
money, services, debt reduction or loan forgiveness,
for the purpose of indemnifying, reimbursing or
contribution to the Settling Defendants or Relief
Defendant Silverfarb for the money paid to the
Commission pursuant to Part VI(A) of this Order or for
any liabilities, losses, costs, expenses or attorneys'
fees incurred in connection with this action or the
underlying FTC investigation. Notwithstanding the
foregoing, nothing in this Part shall preclude the
Settling Defendants and the Relief Defendant from
seeking contribution from each other for any amounts
incurred in connection with this action and settlement,
provided however, that the Settling Defendants and the
Relief Defendant shall be jointly and severally liable

15



to the Commission for the Settlement Amount set forth
in Part VI(A).  If the Commission has reason to believe
that the Settling Defendants or Relief Defendant
Silverfarb have not complied with the requirements of
this Part VII (B), the Commission may move the Court to
reopen and request modification of this Order,
including, but not limited to, additional injunctive
relief, rescission of contracts and restitution, and
disgorgement of ill-gotten gains.  Proceedings to
reopen instituted under this provision would be in
addition to and not in lieu of any other civil or
criminal remedies as may be provided by law, including
any other proceedings the Commission may initiate to
enforce this Order.

## COMPLIANCE MONITORING

### VIII.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring
and investigating compliance with any provision of this Order:

A.   Within ten (10) days of receipt of written notice from
     a representative of the Commission, each of the
     Settling Defendants shall submit additional written
     reports, sworn to under penalty of perjury; produce
     documents for inspection and copying; appear for

16



deposition; and/or provide entry during normal business hours to any business location in such Settling Defendant's possession or direct or indirect control to inspect the business operation.

B.   In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

   1.   obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

   2.   posing as consumers and suppliers to Settling Defendants, Settling Defendants' employees, or any other entity managed or controlled in whole or in part by Settling Defendants, without the necessity of identification or prior notice.

*Provided* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. §

17



45(a)(1)).

C.   Settling Defendants shall permit representatives of the
Commission to interview any employer, consultant,
independent contractor, representative, agent, or
employee who has agreed to such an interview, relating
in any way to any conduct subject to this Order.   The
person interviewed may have counsel present.

### COMPLIANCE REPORTING BY SETTLING DEFENDANTS

### IX.

**IT IS FURTHER ORDERED** that, in order that compliance with
the provisions of this Order may be monitored:

A.   For a period of three (3) years from the date of entry
of this Order,

   1.   Defendants Btesh and Starkman shall each
   notify the Commission of the following:

      a.   Any changes in his residence, mailing
      address, and telephone number, within
      ten (10) days of the date of such
      change;

      b.   Any changes in his employment status
      (including self-employment) within ten
      (10) days of the date of such change.
      Such notice shall include the name and

18



address of each business that he is affiliated with, employed by, or performs services for; a statement of the nature of the business; and a statement of his duties and responsibilities in connection with the business; and

c.    Any changes in his name or use of any aliases or fictitious names; and

2.    Defendant APT shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed

19



change in the corporation about which APT

learns less than thirty (30) days prior to

the date such action is to take place, APT

shall notify the Commission as soon as is

practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry

of this Order, each Settling Defendant shall provide a

written report to the Commission, sworn to under

penalty of perjury, setting forth in detail the manner

and form in which the Defendant has complied and is

complying with this Order.  This report shall include,

but not be limited to:

1.    Any changes required to be reported pursuant

to subpart (A) above; and

2.    A copy of each acknowledgment of receipt of

this Order obtained by the Defendant pursuant

to Part XII.

C.    For the purposes of this Order, Settling Defendants and

Relief Defendant Silverfarb shall, unless otherwise

directed by the Commission's authorized

representatives, mail all written notifications to the

Commission to:

20



> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C. 20580
> Re: <u>FTC v. Advanced Patch Technologies, Inc., et al.</u> (N.D. Ga.).

D.   For purposes of the compliance reporting required by this Part, the Commission is authorized to communicate directly with Defendants.

### RECORD KEEPING PROVISIONS AS TO DEFENDANTS APT AND BTESH

### X.

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, Defendants APT and Btesh and any business where (1) Defendant Btesh is the majority owner or an officer or director of the business, or directly or indirectly manages or controls the business and where (2) the business engages, or assists others engaged in the advertising, marketing, promotion, offering for sale, distribution or sale of any covered product or service, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain, unless otherwise specified:

A.   Accounting records that reflect the cost of goods or

21



services sold, revenues generated, and the disbursement of such revenues;

B.  Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.  Customer files containing the names, addresses, phone numbers, dollar amounts  paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.  Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E.  Copies of all advertisements, promotional materials, sales scripts, training materials, or other marketing materials utilized in the advertising, marketing, promotion, offering for sale, distribution, or sale of any covered product or service;

F.  All materials that were relied upon in making any

22



representations contained in the materials identified in Subpart (E);

G.   All other documents evidencing or referring to the accuracy of any claim therein or to the safety or efficacy of any covered product or service, including, but not limited to, all tests, reports, studies, demonstrations, or other evidence that confirm, contradict, qualify, or call into question the safety or efficacy of such covered product or service; and

H.   Records accurately reflecting the name, address, and telephone number of each manufacturer, laboratory, or other entity engaged in the development or creation of any testing obtained for the purpose of advertising, marketing, promoting, offering for sale, distributing, or selling any covered product or service.

**RECORD KEEPING PROVISIONS AS TO DEFENDANT STARKMAN**

**XI.**

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant Starkman is hereby restrained and enjoined from failing to create and retain, unless otherwise specified:

A.   Copies of all advertisements, promotional materials, sales scripts, training materials, or other marketing

23



materials utilized in the advertising, marketing,
promotion, offering for sale, distribution or sale of
any covered product or service, which Starkman
prepares, approves, or disseminates, or in which he
makes an endorsement;

B.     All materials that were relied upon in making any
representations contained in the materials identified
in Subpart (A); and

C.     All other documents evidencing or referring to the
accuracy of any claim therein or to the safety or
efficacy of any covered product or service, including,
but not limited to, all tests, reports, studies,
demonstrations, or other evidence that confirm,
contradict, qualify, or call into question the safety
or efficacy of such covered product or service.

## DISTRIBUTION OF ORDER BY SETTLING DEFENDANTS

### XII.

**IT IS FURTHER ORDERED** that, for a period of five  (5) years
from the date of entry of this Order, the Settling Defendants
shall deliver copies of the Order as directed below:

A.     **Settling Defendant APT:** Settling Defendant APT shall
deliver a copy of this Order to all of its principals,
officers, directors, and managers.  Settling Defendant

24



APT shall also deliver copies of this Order to all of
its employees, agents, and representatives who engage
in conduct related to the subject matter of the Order.
For current employees, agents and representatives,
delivery shall be within (30) days of service of this
Order upon APT.  For new employees, agents and
representatives, delivery shall occur within thirty
(30) days after the commencement of the employee, agent
or representative relationship.

B.    **Settling Defendants Btesh or Starkman as Control**
      **Person:**  For any business that Btesh or Starkman
      controls, directly or indirectly, or in which Btesh or
      Starkman has a majority ownership interest, Btesh or
      Starkman, as the case may be, shall deliver a copy of
      this Order to all principals, officers, directors, and
      managers of that business.  Btesh and Starkman shall
      also deliver copies of this Order to all employees,
      agents, and representatives of that business who engage
      in conduct related to the subject matter of the Order.
      For current employees, agents and representatives of
      that business, delivery shall be within (30) days of
      service of this Order upon Btesh or Starkman, as the
      case may be.  For new personnel of that business,

25



delivery shall occur within thirty (30) days after the commencement of the employment, agent or representative relationship.

C.   **Defendants Btesh and Starkman as employee or non-control person:**  For any business where Btesh or Starkman is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant Btesh or Starkman, as the case may be, shall deliver a copy of this Order to all principals and managers of such business within thirty (30) days of engaging in such conduct.

D.   The Settling Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the Order pursuant to this Part.

### ACKNOWLEDGMENT OF RECEIPT OF ORDER BY SETTLING DEFENDANTS AND RELIEF DEFENDANT SILVERFARB

### XIII.

**IT IS FURTHER ORDERED** that each of the Settling Defendants and Relief Defendant Silverfarb, within five (5) business days of receipt of this Order as entered by the Court, must submit to the



Commission a truthful sworn statement acknowledging receipt of this Order in the form attached as Appendix A.

### RETENTION OF JURISDICTION

### XIV.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

### SCOPE OF ORDER

### XV.

**IT IS FURTHER ORDERED** that this Order resolves only claims against the Settling Defendants and against Relief Defendant Silverfarb and does not preclude the Commission from initiating further action or seeking any remedy against any other persons or entities, including without limitation persons or entities who may be subject to portions of this Order by virtue of actions taken in concert or participation with Settling Defendants or Relief Defendant Silverfarb, and persons or entities in any type of indemnification or contractual relationship with Settling Defendants or Relief Defendant Silverfarb.

27



SO STIPULATED:

_Laureen Kapin_
LAUREEN KAPIN
LAURA KOSS
YAEL WEINMAN
Federal Trade Commission
600 Pennsylvania Ave.
Washington, D.C. 20580
(202) 326-3237 (voice)
(202) 326-2558 (fax)

ADVANCED PATCH TECHNOLOGIES, INC.
By: Salomon Btesh, President

_____
SALOMON BTESH, individually

_____
JESSE STARKMAN, individually

_James Rohrer_
JAMES T. ROHRER
GA Bar No. 613524
Federal Trade Commission
225 Peachtree Street,
N.E., Suite 1500
Atlanta, GA 30303
(404) 656-1361 (voice)
(404) 656-1379 (fax)


Attorneys for Plaintiff
FEDERAL TRADE Commission

BERNARD, SILVERFARB, individually

_signature_   12-9-03
MICHAEL B. CHESAL
Kluger, Peretz, Kaplan & Berlin, P.A.
201 So. Biscayne Blvd., Suite 700
Miami, FL 33131
(305) 379-9000 (voice)
(305) 379-3428 (fax)
Attorney for Advanced Patch
Technologies, Inc., Salomon Btesh,
Jesse Starkman and Bernard Silverfarb


_____
BARRY J. CUTLER
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1572 (voice)
(202) 861-1783 (fax)
Attorney for Salomon Btesh


IT IS SO ORDERED.
This 17 day of March , 2004
           (Month)    (Year)

_signature_
_____
UNITED STATES DISTRICT JUDGE


28

SO STIPULATED:

_Laureen Kapin_
LAUREEN KAPIN
LAURA KOSS
YAEL WEINMAN
Federal Trade Commission
600 Pennsylvania Ave.
Washington, D.C. 20580
(202) 326-3237 (voice)
(202) 326-2558 (fax)

_James Rohrer/KK_
JAMES T. ROHRER
GA Bar No. 613524
Federal Trade Commission
225 Peachtree Street,
N.E., Suite 1500
Atlanta, GA 30303
(404) 656-1361 (voice)
(404) 656-1379 (fax)

Attorneys for Plaintiff
FEDERAL TRADE Commission

ADVANCED PATCH TECHNOLOGIES, INC.
By: Salomon Btesh, President

SALOMON BTESH,. individually

JESSE STARKMAN, individually

BERNARD SILVERFARB, individually

MICHAEL B. CHESAL
Kluger, Peretz, Kaplan & Berlin, P.A.
201 So. Biscayne Blvd., Suite 700
Miami, FL 33131
(305) 379-9000 (voice)
(305) 379-3428 (fax)
Attorney for Advanced Patch
Technologies, Inc., Salomon Btesh,
Jesse Starkman and Bernard Silverfarb

BARRY J. CUTLER
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
(202) 861-1572 (voice)
(202) 861-1783 (fax)
Attorney for Salomon Btesh

IT IS SO ORDERED.
This ___ day of _____, _____
                  (Month)      (Year)

_____
UNITED STATES DISTRICT JUDGE

28

**APPENDIX A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(Atlanta Division)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
(Atlanta Division)

| | |
|---|---|
| FEDERAL TRADE COMMISSION,   )<br><br>                Plaintiff,   )<br><br>          v.   )<br><br>ADVANCED PATCH TECHNOLOGIES,   )<br>INC., SALOMON BTESH, BUCKHEAD   )<br>MARKETING AND DISTRIBUTION,   )<br>LLC, PAP SYSTEMS, LLC, RALF   )<br>LESZINSKI, NANCY DUITCH, and   )<br>JESSE STARKMAN,   )<br><br>                Defendants, and   )<br><br>BERNARD SILVERFARB, and   )<br>BUCKHEAD MARKETING GROUP, LLC,   )<br><br>                Relief Defendants.   ) | Hon.<br><br>Civil Action No. |

[*Name of defendant*], being duly sworn, hereby states and
affirms as follows:

    1.  My name is_____.  My current residence
address is _____.

29



I am a citizen of the United States and am over the age of eighteen.  I have personal knowledge of the facts set forth in this Affidavit.

2.  I am a defendant (or relief defendant with respect to Relief Defendant Silverfarb) in FTC v. Advanced Patch Technologies, Inc., et al. (United States District Court for the Northern District of Georgia, Atlanta Division).

3.  On [date], I received a copy of the **Stipulated Final Judgment and Order For Permanent Injunction and Monetary Settlement as to Defendants Advanced Patch Technologies, Inc., Salomon Btesh, Jesse Starkman and Relief Defendant Bernard Silverfarb** which was signed by the Honorable

_____ and entered by the Court on [date of entry of Order].  A true and correct copy of the Order I received is appended to this Affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on [date], at [city and state].

_____

[Full name of defendant/or relief defendant]

30



State of _____, City of _____

Subscribed and sworn to before me

this _____ day of _____, 2003.

_____

Notary Public

My Commission Expires:


_____